IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEVAR D. BROWN** : | **CIVIL ACTION** |
| *Plaintiff* : | |
| : | **NO. 13-5469** |
| v. : | |
| : | |
| **JOHN WETZEL**, *et al.* : | |
| *Defendants* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                               October 29, 2014

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a motion filed by John Wetzel, Wendy Shaylor, Dorinda Varner, Michael Wenerowicz, Deputy Lane, Captain Campbell, Lt. Zedock, Lt. Terra, Unit Manager Bolton, Sgt. Davidex, and Joseph C. Korszniak (collectively, "Moving Defendants") pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), which seeks to dismiss the federal civil rights claims asserted against them in the second amended complaint for failure to state a claim on which relief can be granted. [ECF 26]. Levar D. Brown ("Plaintiff"), acting *pro se*, has opposed the motion. [ECF 34]. The motion to dismiss is, therefore, ripe for disposition.

For the reasons stated herein, the motion to dismiss is granted.

**BACKGROUND**

On September 18, 2013, Plaintiff, acting *pro se*, filed a complaint against the Moving Defendants, which purports to assert claims for alleged constitutional violations of his Eighth Amendment rights. [ECF 1]. Plaintiff filed an amended complaint on April 18, 2014, [ECF 12], and a second amended complaint on June 16, 2014, [ECF 20], to which the Moving Defendants have moved to dismiss for failure to state a claim. [ECF 26].

When ruling on a motion to dismiss, this Court must accept, as true, all relevant factual allegations in the second amended complaint. These allegations can be summarized as follows:

On February 26, 2012, Plaintiff, an inmate housed in a maximum security level 5 unit at the State Correctional Institution in Graterford ("Graterford"), was assaulted by another inmate, Ronald Taylor ("Taylor"). (Sec. Amend. Comp. ¶23). According to Plaintiff, sometime prior to the assault, Defendant Officer DeCecco ("DeCecco") informed Taylor of the officer's dislike for Plaintiff due to his numerous filings of grievances. (*Id.* at ¶26). Taylor stated that he would kill Plaintiff, and DeCecco responded that he would let Taylor out of his cell in order to "f**k Plaintiff up." (*Id.*).

DeCecco allegedly set a mop bucket and broom in the area for Taylor to use in the assault. (*Id.* at ¶27). DeCecco motioned Defendant Officer Levengood ("Levengood") to open Taylor's cell, which Levengood did without first checking with a higher level supervisor, as required by prison policy. (*Id.* at ¶¶29-30). According to Plaintiff, Defendant Lt. Zedock ("Zedock"), Sgt. Davidex ("Davidex"), and Unit Manager Bolton ("Bolton") were higher level supervisors, who failed to properly supervise DeCecco and Levengood, thereby permitting them to violate prison policy. (*Id.* at ¶¶30-31).

Taylor was allowed out of his cell. He grabbed the broom and personal wash bucket which contained feces and urine and went to Plaintiff's cell. (*Id.* at ¶35). Taylor threw the entire contents of the bucket into Plaintiff's cell. (*Id.* at ¶36). He also threw bars of soap hitting Plaintiff in the face and upper body. (*Id.* at ¶37). Taylor jabbed Plaintiff in the face and body with the broom through the bars of the cell door, causing injury to Plaintiff's right eye. (*Id.* at ¶38).

Following the assault, Plaintiff was escorted to the medical department by two other correctional officers. (*Id.* at ¶41). According to Plaintiff, he received inadequate care, was not treated by a doctor, nor was he inoculated for exposure to human feces. (*Id.* at ¶42). Plaintiff was returned to his original cell, which still had the feces thrown at him by Taylor. (*Id.* at ¶43).

The next day, Plaintiff complained to Defendant Captain Campbell ("Campbell") about the assault, his injury, and the condition of his cell. (*Id.* at ¶44). Campbell advised that he would discuss a possible cell reassignment with Defendant Bolton, but Plaintiff was never reassigned to a new cell. (*Id.*).

Plaintiff was scheduled to see an outside ophthalmologist on April 27, 2012. (*Id.* at ¶45). Plaintiff missed that appointment and had to reschedule it due to the alleged failure of Defendant Terra ("Terra") to have Plaintiff escorted to the assessment. (*Id.*).

2

Plaintiff asserts that the prison's medical staff, under the supervision of Defendant Joseph C. Kozsniak, "did not properly treat" Plaintiff's physical injuries. (*Id.* at ¶47).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in Plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137,

3

139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In their motion, the Moving Defendants argue that Plaintiff's second amended complaint should be dismissed against Defendants Wetzel, Wenerowicz, Lane, Campbell, Zedock, Shaylor, Varner, Bolton, and Davidex because it fails to state any personal involvement by said Defendants in the alleged wrongs underlying Plaintiff's claims and because these allegations are based solely on their supervisory roles. Moving Defendants also contend that the second amended complaint should be dismissed against Defendants Terra and Korszniak for their alleged involvement in the inadequate medical care Plaintiff received for his eye injury. These arguments will be discussed *seriatim*.

*Plaintiff's Claims Against Defendants Wetzel, Wenerowicz, Lane, Campbell, Zedock, Shaylor, Varner, Bolton, and Davidex*

It is well-settled that "a defendant must be personally involved in the alleged actions for liability to attach under section §1983." *Bonham v. Givens*, 197 F. App'x 148, 150 (3d Cir. 2006) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976)). An individual defendant cannot be liable predicated solely on the operation of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown by allegations of personal direction or of actual knowledge and acquiescence. *Id.* Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place and person responsible. *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005); *Rode*,

4

845 F.2d at 1207-08. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

With respect to Defendants Wetzel, Wenerowicz, Lane, Campbell, Zedock, Shaylor, Varner, Bolton, and Davidex, a careful review of the second amended complaint confirms that other than being named Defendants, there are no specific factual allegations that they had any personal involvement in the purported violations of Plaintiff's constitutional rights under the Eighth Amendment. Plaintiff does not allege any facts indicating that any of these Defendants personally directed the attack on him by the other prisoner or participated in any alleged violations arising out of his medical care. Nor does he allege any facts that these Defendants had contemporaneous personal knowledge of the attack and acquiesced to it. At best, Plaintiff's claims against these Defendants rely solely on their respective supervisory title and positions. Based upon the above-cited case law, such allegations are insufficient to satisfy the personal involvement requirement standard of *Rode*. As such, Plaintiff's claims against these Defendants fail, as a matter of law.[1]

Plaintiff, however, argues that the claims against these Defendants are asserted under a supervisor liability theory, as opposed to the *respondeat superior* theory being argued by Moving Defendants. Thus, for Plaintiff to allege a viable claim under a supervisor liability theory, he must:

> identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3)

---

[1] Plaintiff also purports to assert §1983 claims against Defendants Shaylor and Varner for failing to investigate his grievances. (Sec. Amend. Comp. ¶¶68 and 70). The Third Circuit has held, however, that the failure to investigate an inmate's grievance is not a constitutional violation. *See Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013); *Paluch v. Sec'y Pennsylvania Dept. Corr.*, 442 F. App'x 690, 695 (3d Cir. 2011). Therefore, any such claims asserted here are dismissed.

5

>the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). Nowhere in Plaintiff's second amended complaint does he identify the existence of any specific policy or practice at Graterford that created an unreasonable risk of constitutional injury to Plaintiff. Nor does Plaintiff allege any facts from which one could even infer that any of these supervisor Defendants were either aware of or indifferent to an unreasonable risk created by any such policy. As such, the second amended complaint fails to state a claim against these Defendants premised upon a supervisor liability theory.

*Plaintiff's Claims Against Terra and Korszniak for Inadequate Medical Care*

Plaintiff purports to assert §1983 claims against Defendants Terra and Korszniak for their alleged role in the inadequate medical care Plaintiff received for his eye injury. To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the context of an Eighth Amendment claim based on medical care, a plaintiff must allege facts demonstrating deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff may make this showing by alleging facts to establish that the defendants intentionally denied or delayed medical care. *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).

However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979). Claims of negligence or medical

malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir. 2001).

To support a §1983 claim against Defendant Terra, Plaintiff alleges that the initial ophthalmology appointment scheduled after the alleged assault had to be rescheduled because Terra failed to have him timely escorted to inmate assessment to make his original appointment. (Sec. Amend. Comp. ¶¶45 and 66). This Court finds such failure amounts to, at best, negligence on the part of Terra, which is not enough to establish an Eighth Amendment violation. *Singletary*, 266 F.3d at 193 n. 2.

To support a §1983 claim against Defendant Korszniak, Plaintiff alleges that Korszniak is the head health care administrator at Graterford prison and, as such, is "legally responsible for its medical operation and treatment of all inmates for the prison." (Sec. Amend. Comp. ¶47). As set forth above, however, §1983 liability cannot be imposed based upon *respondeat superior*, but must be premised upon a defendant's personal involvement in the alleged constitutional violation. Here, Plaintiff has alleged no such personal involvement by Korszniak, but rather relies solely on Korszniak's position as the head of the health care unit at the prison, and imputes the alleged inadequate treatment to him. For the reasons set forth above, such allegations are insufficient to establish §1983 liability.

*Plaintiff's Claims Under the Americans with Disabilities Act and the Rehabilitation Act*

In the first paragraph of the second amended complaint, Plaintiff asserts that he "also seeks an injunction and damages pursuant to the Americans with Disabilities Act and Rehabilitation Act." (Sec. Amend. Comp. ¶1). Both the ADA and the Rehabilitation Act bar discrimination by certain actors based upon a plaintiff's disability. *See* 42 U.S.C. §12101, *et seq.*; 29 U.S.C. §794(a). Plaintiff's complaint, however, is silent with regard to any claims

asserted under either of these statutes. For example, Plaintiff alleges no facts that could establish a disability or discrimination by any of the Defendants on account of such disability. Therefore, to the extent Plaintiff intended to assert claims under either the ADA or the Rehabilitation Act, those claims are dismissed.

*Leave to Amend*

Although the Third Circuit has directed district courts to ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), it is this Court's view that any such attempt to amend the complaint a third time would be legally futile. This Court has dismissed Plaintiff's civil rights claims against Moving Defendants, not because Plaintiff has failed to conform with the procedural rules for a properly pled [second amended] complaint, but rather, because the facts set forth in his second amended complaint fail, as a matter of law, to establish a constitutional violation under §1983. It is, therefore, this Court's opinion that any attempt to amend the complaint a third time would be futile.

**CONCLUSION**

For the reasons stated herein, the Moving Defendants' motion to dismiss is granted and Plaintiffs' claims against these Defendants are dismissed, with prejudice. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.